**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Robinson, | CIV 11-1383-PHX-GMS (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Petitioner James E. Robinson, who is confined in the Arizona State Prison-Kingman in Kingman, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 10), and Petitioner filed a Traverse and memorandum in support thereof (Docs. 11, 12).

## BACKGROUND[1]

On December 6, 2007, Petitioner pled guilty to one count of theft of a means of transportation. (Exh. A.) As part of the plea, Petitioner admitted to having committed one historical prior felony offense. (Exh. A.) On December 20, 2007, the trial court sentenced Petitioner to a term of 6.5 years' imprisonment. (Exh. B.)

Nearly two years later, on September 22, 2009, Petitioner filed a notice of post-conviction relief alleging newly discovered evidence of actual innocence, stating:

---

[1] Unless otherwise noted, the following facts are derived from the Exhibits submitted with Doc. 10 – Respondents' Answer.

> Defendant claims innocence in the matter of CR 2007-13870-001 DT. Defendant's belated post-conviction relief is due to discovery of [a] new material fact on August 28, 2009. Defendant, now, exercises due diligence to bring the matter forward to [the] court's attention, praying for relief under Arizona Rules of Criminal Procedure, Rule 32.

(Exh. C.)

The trial court subsequently dismissed the petition as untimely filed, finding:

> This is Defendant's first Rule 32 notice. However, an "of right" Rule 32 notice must be filed within 90 days of sentencing. ... Because Defendant's notice was not filed within 90 days of sentencing, Defendant's notice is untimely.

(Exh. D.) The court further noted that despite Petitioner's claim of newly discovered evidence, the claim was nevertheless untimely because "Defendant [had] not set forth any facts in support of [his] claim." (Exh. D.) Petitioner did not file a petition for review in the Arizona Court of Appeals.

On April 28, 2010, the Arizona Court of Appeals declined to accept jurisdiction of Petitioner's request for special action jurisdiction. (Exh. E.)

On July 12, 2011, Petitioner filed the instant Petition for Writ of Habeas Corpus raising three grounds for relief. (Doc. 1.) In Ground One, Petitioner claims that he was denied his Fourteenth Amendment right to have the state court judge review an affidavit that allegedly demonstrates that Petitioner was actually innocent of theft of a means of transportation. He notes that the order dismissing his notice of post-conviction relief did not mention the affidavit and incorrectly stated that Petitioner's claim of actual innocence was not supported by any facts. In Ground Two, Petitioner contends he was denied his Sixth Amendment right to "have fair trial court proceedings" because the state court judge did not review the affidavit. In Ground Three, he asserts that he is being incarcerated in violation of the Eighth Amendment because "[s]entencing an 'actually innocent' defendant to a prison term is illegal on its face."

**DISCUSSION**

In their Answer, Respondents contend that the habeas petition is untimely. As such, Respondents argue that Petitioner's habeas petition must be denied and dismissed.

1    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a
2 statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.
3 See 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

13    An "of-right" petition for post-conviction review under Arizona Rule of Criminal
14 Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct
15 review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). See Summers v. Schriro, 481
16 F.3d 710, 711 (9th Cir. 2007). Therefore, the judgment of conviction becomes final upon the
17 conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking
18 such review. See id.

19    Additionally, "[t]he time during which a properly filed application for State post-
20 conviction or other collateral review with respect to the pertinent judgment or claim is
21 pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott
22 v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending
23 after it is filed with a state court, but before that court grants or denies the petition." Chavis
24 v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). A state petition that is not filed, however,
25 within the state's required time limit is not "properly filed" and, therefore, the petitioner is
26 not entitled to statutory tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). "When
27 a postconviction petition is untimely under state law, 'that [is] the end of the matter' for
28 purposes of § 2244(d)(2)." Id. at 414.

- 3 -

In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition is not filed until later. See Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002)). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. See id. Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

The statute of limitations under the AEDPA is subject to equitable tolling in appropriate cases. See Holland v. Florida, ––– U.S. –––, –––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). However, for equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition. Id. at 2562 (quoting Pace, 544 U.S. at 418).

Petitioner was sentenced under the plea agreement on December 20, 2007. Petitioner had 90 days to file an "of-right" petition for post-conviction relief pursuant to the Arizona Rules of Criminal Procedure. See Ariz.R.Crim.P. 32.4(a). He failed to file a petition within that time period and, thus, the statute of limitations began to run on March 20, 2008 – one day after the 90-day period expired. The statute of limitations then expired one year later – on March 20, 2009.

Petitioner filed an untimely notice of post-conviction relief on September 22, 2009 – more than six months after the statute of limitations expired. Because the statute of limitations had passed by the time Petitioner filed his notice of post-conviction relief, the petition (or request for special action filed thereafter) did not toll the limitations period. See Pace, 544 U.S. at 417 (holding that time limits for filing a state post-conviction petition are filing conditions which, if not met, preclude a finding that a state petition was properly filed).

An untimely state post-conviction petition does not restart an already expired statute of limitations. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner filed the instant habeas petition on July 12, 2011 – well over two years after the limitations period expired. The habeas petition is therefore untimely.

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control make it impossible to file a petition on time." Id.; see Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418. Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir. 2007).

The circumstances in this case do not support a finding that Petitioner pursued his rights diligently or that extraordinary circumstances prevented him from filing a timely habeas petition. In his Traverse and memorandum in support thereof, Petitioner submits:

> It would take almost two years for Petitioner to find the whereabouts of witness who had [possession] of [the] motorcycle at the time Petitioner borrowed it, and for Petitioner to get [an] affidavit from him. ... Petitioner is aware that a lot of time had gone by from sentencing date and date he received evidence, but there was no way he could have predicted when or where he would find his witness.

Later in his pleading Petitioner states:

- 5 -

> As evidence from the Petitioner has shown there was no way for the Petitioner to show evidence of innocence because there was no way to get [a hold] of his witness[;] the reason being was that witness Rosenthal was under conditions of release and could not be in contact with police for any reason.

The Court finds Petitioner's reasoning specious and contradictory. While he may not have had Rosenthal's affidavit in hand, Petitioner has undoubtedly been aware of the essential facts presented in the affidavit since the date of his arrest. Further, although a review of the affidavit suggests that Petitioner knew Rosenthal (in that Petitioner merely "borrowed" his motorcycle), Petitioner, nevertheless, failed to meet the state court deadlines for seeking review of his case contending that it took two years to find him. Within the same pleading Petitioner states that Rosenthal was under conditions of release and there was no way to get in contact with him. Petitioner filed an untimely notice of post-conviction relief, and after that proceeding was dismissed, failed to seek appellate review of the dismissal by filing petition for review – even after he claims to have acquired the evidence at issue. The Court additionally notes that the record is void of any requests for extensions of time. This is not a case where Petitioner has been diligently pursuing his rights, and Petitioner has not described any extraordinary circumstance which prevented him from filing a timely habeas petition.

Despite the Court finding that Petitioner has not been diligently pursuing his rights and has failed to establish extraordinary circumstances, Petitioner contends that the "actual innocence gateway" of Schlup v. Delo, 513 U.S. 298 (1995), applies to him and warrants equitable tolling. A credible claim of actual innocence can constitute an equitable exception to the AEDPA's limitations period. See Lee v. Lambert, 653 F.3d 929, 932 (9th Cir. 2011) (*en banc*). However, in order to present otherwise time-barred claims to a federal habeas court under Schlup, Petitioner has the heavy burden of producing "new reliable evidence – whether it be exculpatory scientific evidence, trust-worthy eyewitness accounts, or critical physical evidence – that was not presented at trial" that so strongly shows his actual innocence "that it is more likely than not that no reasonable juror would have convicted him

1 in light of the new evidence." Id. at 938 (quoting Schlup, 513 U.S. at 324, 327). The Court
2 finds that Petitioner lacks such evidence.

3       As previously indicated, Petitioner attempts to support his claim of actual innocence
4 with an affidavit, which appears to be penned by Petitioner and signed by Howard Rosenthal.
5 The affidavit states the following:

> On June 13, 2007, I was in [the] process of purchasing a 2003 Triumph motorcycle, with 1100CC capacity, and black in color. On June 14, 2007, the motorcycle was in my garage at my residence ... awaiting final transaction. When Mr. James Robinson arrived at my house, while I was asleep, he asked my room[m]ate ... if he could use the motorcycle in question to facilitate purchasing food; he assumed the motorcycle belong[ed] to me – therefore, with no illegality attached to it. Subsequent to Robinson's return, my home was raided by Phoenix police [and] Robinson was arrested and charged for "theft – means of transportation." Neither I nor Robinson had any knowledge [that] said motorcycle was stolen. In fact, initial police investigation at the scene did not reveal the motorcycle was stolen. Robinson was unaware of any illegality, if it in fact existed and he used it for legitimate purposes. I further offer my full cooperation to state authorities to resolve this matter, in any way necessary, for Mr. Robinson is completely innocent of this crime. I am writing this of sound mind and under no duress or threats of any sort.

14 Initially, the Court notes that affidavits alone are not a promising way to demonstrate
15 actual innocence. Though sworn, affidavits are not convincing evidence of innocence
16 because "the affiants' statements are obtained without the benefit of cross-examination and
17 an opportunity to make credibility determinations." Herrera v. Collins, 506 U.S. 390, 417
18 (1993). In addition to the inherent weakness of an affidavit, the affidavit at issue is
19 particularly unhelpful and does not have the indicia of reliability sufficient to make out a
20 claim of actual innocence in that the statements set forth therein are based on layers of
21 hearsay, opinions, inference, and conclusory assertions – not particularized facts. Moreover,
22 actual innocence evidence "must be considered in light of the proof of Petitioner's guilt at
23 trial." Id. at 418. Where, as in this case, Petitioner pled guilty, such admission of culpability
24 mitigates strongly against a subsequent finding of actual innocence, particularly given the
25 unreliable nature of the evidence submitted by Petitioner. See id. (finding "troubling"
26 petitioner's failure to offer an explanation as to why he, "by hypothesis an innocent man,
27 pleaded guilty").

1    The Court finds that the Rosenthal affidavit simply fails to qualify as "exculpatory
2 scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," such that
3 it would establish a gateway actual innocence claim as contemplated by Schlup.
4 Accordingly, Petitioner is not entitled to equitable tolling and his habeas petition is untimely.

## CONCLUSION

6    Having determined that Petitioner's habeas petition is untimely, the Court will
7 recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and
8 dismissed with prejudice.

9    **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
10 Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**
11 **PREJUDICE**;

12    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
13 to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is
14 justified by a plain procedural bar and jurists of reason would not find the procedural ruling
15 debatable.

16 \\\
17 \\\
18 \\\
19 \\\
20 \\\
21 \\\
22 \\\
23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

1 This recommendation is not an order that is immediately appealable to the Ninth 2 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of 3 Appellate Procedure, should not be filed until entry of the district court's judgment. The 4 parties shall have fourteen days from the date of service of a copy of this recommendation 5 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); 6 Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen 7 days within which to file a response to the objections. Failure timely to file objections to the 8 Magistrate Judge's Report and Recommendation may result in the acceptance of the Report 9 and Recommendation by the district court without further review. See United States v. 10 Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any 11 factual determinations of the Magistrate Judge will be considered a waiver of a party's right 12 to appellate review of the findings of fact in an order or judgment entered pursuant to the 13 Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

14 DATED this 16th day of May, 2012.

*[Signature: Michelle H. Burns]*
Michelle H. Burns
United States Magistrate Judge